UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BITCO GENERAL INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-25-405-G |
| BJ'S OILFIELD CONSTRUCTION INC. et al., | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| AXIS SPECIALTY EUROPE SE, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. CIV-25-819-G |
| BITCO GENERAL INSURANCE CORPORATION et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is a Motion to Consolidate (Doc. No. 21) filed by Plaintiff Axis Specialty Europe SE in Case No. CIV-25-819-G (the "Axis action") on October 24, 2025. The Motion seeks consolidation for all purposes of the Axis action with Case No. CIV-25-405-G (the "BITCO action") pursuant to Federal Rule of Civil Procedure 42(a). *See* Mot. to Consolidate at 4-5. The Motion argues that consolidation is warranted due to the substantial factual and legal overlap between the two cases. *See id.* at 4 ("Both actions turn on the same principal legal issue: which insurer(s) had a duty to defend and indemnify

SunPower and OG&E."). The Motion requests that the Axis action be administratively dismissed and that the earlier-filed BITCO action serve as the continued lawsuit for this matter. *See id.* at 5.

The Motion to Consolidate represents that all parties to the Axis action agree to consolidation. *See id.* at 4-5. On November 25, 2025, the Court directed the Clerk to file a copy of the Motion in the BITCO action and advised that "[a]ny party to the BITCO action who wishes to file a written response must do so within twenty-one (21) days." Order (Doc. No. 38) at 2; *see* Notice of Mot. (Doc. No. 39). No party filed a response.

Rule 42(a) of the Federal Rules of Civil Procedure prescribes that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action." *Harris v. Ill.-Cal. Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) (noting that consolidation has been ordered "[w]here the subject matter of the claims made in separate actions arise[s] out of the same transaction and involve common issues of law and fact").

Having considered the unopposed Motion and having found that the actions involve "common question[s] of law" and "fact," the Court concludes that consolidation is appropriate and will not cause delay, confusion, or prejudice to the parties. Fed. R. Civ. P. 42(a).

IT IS THEREFORE ORDERED that the Motion to Consolidate (Doc. No. 21, No. CIV-25-819-G) is GRANTED as follows:

1) Case Nos. CIV-25-405-G and CIV-25-819-G are consolidated in their entirety for all purposes.

2) Both actions shall proceed together under Case No. CIV-25-405-G. All future filings shall be made only in Case No. CIV-25-405-G, unless otherwise ordered.

3) All pending deadlines in Case No. CIV-405-G are hereby STRICKEN.

4) The Clerk of Court is directed to enter this Order in Case Nos. CIV-25-405-G and CIV-25-819-G and is further directed to administratively close Case No. CIV-25-819-G.

5) The Court shall set this consolidated action for a status and scheduling conference on its next available conference docket.

IT IS SO ORDERED this 9th day of February, 2026.

_____
CHARLES B. GOODWIN
United States District Judge